IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH M. CESAR,

        Plaintiff,

vs.

WELLS FARGO BANK, N.A., f/k/a WACHOVIA MORTGAGE, FSB, f/k/a WORLD SAVINGS BANK, FSB; and DOES 1-25, inclusive,

        Defendants.
_____/

No. 2:12-cv-1614-MCE-EFB PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On June 15, 2012, defendant Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") removed this action from Sacramento County Superior Court. Dckt. No. 1. Wells Fargo then filed a motion to dismiss plaintiff's complaint. Dckt. No. 5. Plaintiff opposes the motion to dismiss and moves to remand this action back to state court. Dckt. Nos. 11, 17.

I.    <u>Motion to Remand</u>

Plaintiff moves to remand this action to state court, arguing that this court lacks subject matter jurisdiction since the complaint does not allege any federal questions and the parties are

1

not diverse. Dckt. No. 11; *see also* Dckt. No. 9. Specifically, plaintiff contends that both he and Wells Fargo are California citizens. Dckt. No. 9 at 3. Wells Fargo opposes the motion to remand, arguing that while plaintiff is a California citizen, Wells Fargo is a citizen of South Dakota only. Dckt. No. 13 at 3-5.

The court has an independent duty to ascertain its jurisdiction and must remand the action if it finds that subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As explained below, Wells Fargo has failed to meet that burden.

Here, Wells Fargo's notice of removal is predicated upon the court's diversity jurisdiction. Dckt. No. 1 at 2; *see also* 28 U.S.C. § 1332 (providing that a district court has diversity jurisdiction over any civil action between citizens of different states as long as the amount in controversy exceeds $75,000, excluding interest and costs). The notice of removal and opposition to plaintiff's motion to remand state that there is complete diversity of citizenship between the parties since plaintiff is a citizen of California and Wells Fargo is a citizen of South Dakota. Dckt. No. 1 at 2-3; Dckt. No. 13 at 3-5.

Wells Fargo argues that, as a national bank, it is only a citizen of South Dakota since that is the state where it is headquartered and where it has its main office. Dckt. No. 13 at 3 (quoting *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-07 (2006) ("*Schmidt*")); *see also* Dckt. No. 1 at 3. Although *Schmidt* did not decide whether a national bank may also be a citizen of the state that is its principal place of business, Wells Fargo contends that the post-*Schmidt*, published decisions hold that a national bank is only a citizen of the one state where its main offices are located. *Id.* at 3-5 (citing *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th Cir. 2011) ("*WMR*")).

2

However, the dissent in *WMR*, and a number of California district court cases, have specifically found Wells Fargo to be a California citizen in reliance upon *American Surety v. Bank of Cal.*, 133 F.2d 160 (9th Cir. 1943), a Ninth Circuit case holding that a national bank's principal place of business is used to determine citizenship. Although district courts in the Ninth Circuit are admittedly divided about whether a national bank is only a citizen of the state in which its main office, as set forth in its articles of incorporation, is located, or whether it is also a citizen of the state where it has its principal place of business, *see Yong Chull Kim v. Wells Fargo Bank, N.A.*, 2012 WL 3155577, at *2-3 (N.D. Cal. Aug. 2, 2012) (compiling cases), this court agrees with the analysis set forth in *Taheny v. Wells Fargo Bank, N.A.*, 2012 WL 1120140 (E.D. Cal. Apr. 3, 2012), which held that *American Surety* is binding authority and that, therefore, a national bank is also citizen of the state where it has its principal place of business. 2012 WL 1120140, at *1; *see also Gosal v. Wells Fargo Bank, N.A.*, 2012 WL 4961696, at *1 (E.D. Cal. Oct. 15, 2012); *Hun Gim v. Wells Fargo Home Mortg. Inc.*, 2012 WL 3848659, at *1 (C.D. Cal. Sept. 5, 2012); *Singer v. Wells Fargo Bank, N.A.*, 2012 WL 2847790, at *5 (C.D. Cal. July 11, 2012); *Rodriguez v. Wells Fargo Bank, Nat. Ass'n*, 2012 WL 194057, at *2 (S.D. Cal. May 25, 2012). The court in *Taheny* held that, under the authority of *American Surety*, Wells Fargo is a citizen of California since that is the state where it has its principal place of business, even though, based on *Schmidt*, it is also a citizen of South Dakota, the state in which its main office, as set forth in its articles of incorporation, is located. 2012 WL 1120140, at *1. For the reasons expressed in the *Taheny* opinion, this court concludes that Wells Fargo is a citizen of both California *and* South Dakota.

Because plaintiff and defendant are both citizens of California, this court does not have diversity jurisdiction over this action. Additionally, a review of the complaint reveals that plaintiff does not allege any federal claims. Dckt. No. 1-2 at 4-44 (Compl.). Therefore, because Wells Fargo has not adequately established diversity or federal question jurisdiction, the court lacks subject matter jurisdiction and must remand the case. *See* 28 U.S.C. § 1447(c).

II.     Motion to Dismiss

Because this court lacks subject matter jurisdiction, Wells Fargo's motion to dismiss, Dckt. No. 5, must be denied as moot.

III.    Conclusion

Accordingly, IT IS HEREBY ORDERED that the January 16, 2013 status (pretrial scheduling) conference is vacated.[1]

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion to remand, Dckt. No. 11, be granted;

2. The above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of Sacramento; and

3. Wells Fargo's motion to dismiss, Dckt. No. 5, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 23, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] As a result, the parties are not required to submit status reports as provided in the September 18, 2012 order.  *See* Dckt. No. 23.  However, if the recommendation of remand herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.